# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SOO LINE RAILROAD COMPANY,

          Plaintiff,

v.                            Case No. 24-CV-331

PRO-SE SERVICES, INC., et al.,

          Defendants.

## DECISION AND ORDER

On March 15, 2024, plaintiff Soo Line Railroad ("Soo Line") filed a complaint against defendants Pro-Se Services, Inc. ("Pro-Se") and Artisan Truckers and Casualty Company ("Artisan"), alleging negligence. (ECF No. 1.) On April 8, 2021, Artisan moved to dismiss the complaint. (ECF No. 5.) On May 6, 2024, Pro-Se moved to join Artisan's motion to dismiss. (ECF No. 16.) The court will grant Pro-Se's motion for joinder. The motion is fully briefed and ready for resolution. All parties have consented to the jurisdiction of a magistrate judge. (ECF Nos. 3, 8, 17.)

1. **Allegations in the Complaint**

Because this matter comes before the court on the defendants' motion to dismiss, the information in this section comes directly from Soo Line's complaint, the allegations

in which the court accepts as true. *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010).

Soo Line is a Minnesota corporation engaged in the railroad business. (ECF No. 1, ¶ 1.) Pro-Se is a California corporation, and Artisan is an Ohio-based insurance company. (*Id.*, ¶¶ 2-3.)

On January 14, 2021, Alvaro Aldape, who was employed by and/or operating a semi-tractor and attached trailer owned by Pro-Se ("the truck"), was driving northbound on South 1st Street in Milwaukee, Wisconsin. (ECF No. 1, ¶¶ 6-8.) Aldape approached a bridge span owned and maintained by Soo Line at 1st Street, referred to as C&M Subdivision MP 84.73 ("the bridge"). (*Id.*, ¶ 9.) The height of the bridge was posted with signage on the south side of the bridge. (*Id.*, ¶ 10.) The height of the trailer attached to the truck Aldape was driving exceeded the height limit stated on the signage, and the trailer hit the bridge. (*Id.*, ¶¶ 11-12.) The impact damaged the bridge. (*Id.*, ¶ 13.)

Soo Line alleges that Aldape failed to exercise ordinary care when operating the truck and approaching the bridge. (ECF No. 1, ¶ 14.) As a direct and proximate result of his actions, Soo Line has sustained damages in the sum of at least $495,237.89 for costs related to repairing the bridge. (*Id.*, ¶ 15.) Because Aldape was acting within the scope of his employment, Pro-Se is vicariously responsible for his negligence. (*Id.*, ¶ 16.)

Additionally, Soo Line alleges that Artisan had issued an insurance policy that provided coverage for Pro-Se, Aldape, and/or the truck on the date of the incident. (*Id.*, ¶ 17.)

2. **Analysis**

The defendants argue that Soo Line's claim is barred by the applicable statute of limitations. (ECF No. 5 at 1.) As a result, they contend that the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). (*Id.*)

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim satisfies this pleading standard when its factual allegations "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56. The court accepts "all well-pleaded facts as true and constru[es] all inferences in favor of the plaintiff[]." *Gruber v. Creditors' Prot. Serv.*, 742 F.3d 271, 274 (7th Cir. 2014).

Dismissal under Rule 12(b)(6) for failure to comply with the statute of limitations is "irregular" because the statute of limitations is an affirmative defense. *Chicago Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613 (7th Cir. 2014) (citing *United States v. N. Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004)). A complaint is not required to anticipate

and plead around affirmative defenses. *Id.* Therefore, "a motion to dismiss based on failure to comply with the statute of limitations should be granted only where 'the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense.'" *Id.* at 613-14 (quoting *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)).

Under Wis. Stat. § 893.52(2), "an action, not arising on contract, to recover damages for an injury to real or personal property that are caused or sustained by, or that arise from, an accident involving a motor vehicle shall be commenced within 3 years after the cause of action or be barred." The defendants contend that the statute of limitations for Soo Line's claim expired on January 14, 2024—three years after the date of the accident. (ECF No. 5, ¶ 4.) Because Soo Line did not file its complaint until March 15, 2024, its claim is untimely. (*Id.*, ¶ 5.)

In response, Soo Line points out that the limitations period was tolled and suspended pursuant to a tolling agreement ("Tolling Agreement") it entered into with Artisan on January 5, 2024. (ECF No. 9 at 1; *see also* ECF No. 10-1.) Pursuant to the Tolling Agreement, the limitations period was tolled and suspended for 65 days, through and including the termination date of March 11, 2024. (*Id.* at 1-2.) "As specified in the Tolling Agreement, the running of all applicable statutes of limitations commenced again the date after the termination of the Tolling Agreement, here March 12, 2024, 'excluding for counting purposes the period during which this Tolling

Agreement has been in effect.'" (*Id.* at 2 (citing ECF No. 10-1 at 3-4).) Because nine days remained before the statute of limitations expired when the parties entered into the Tolling Agreement on January 5, 2024, nine days remained when the statute of limitations began to run again on March 12, 2024 (the day after the Tolling Agreement expired). (*Id.* at 3.) Soo Line filed its complaint three days later, on March 15, 2024, prior to the expiration of the statute of limitations. (*Id.*)

In reply, the defendants point out that Soo Line's complaint did not reference the Tolling Agreement. They argue that, because the defendants' motion to dismiss relied on the allegations within Soo Line's complaint, Soo Line "cannot salvage its claim with extraneous materials submitted after the fact and the Court should exclude [Soo Line]'s response pursuant to Fed. R. Civ. P. 12(d)." (ECF No. 11 at 1.)

But, as explained above, complaints "need not anticipate and attempt to plead around defenses," including a statute of limitations defense. *Chicago Bldg. Design, P.C.*, 770 F.3d at 613 (quoting *N. Trust Co.*, 372 F.3d at 888). Additionally, "nothing prevents a plaintiff opposing dismissal from elaborating on the complaint or even attaching materials to an opposition brief illustrating the facts the plaintiff expects to be able to prove." *Def. Sec. Co. v. First Mercury Ins. Co.*, 803 F.3d 327, 335 (7th Cir. 2015) (citing *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 528 n. 8 (7th Cir. 2015)).

Other courts in this circuit have found it permissible to look to tolling agreements submitted in response to a motion to dismiss for the purpose of determining whether a statute of limitations defense has been satisfied. *See, e.g., Perez v. Mueller*, No. 13-C-1302, 2014 WL 2050606, at *3 (E.D. Wis. May 19, 2014) (citing *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n. 1 (7th Cir.2012); *Fed. Deposit Ins. Corp. v. Elmore*, No. 13 C 1767, 2013 WL 6185236, at *3 (N.D. Ill. Nov. 22, 2013)) ("There is nothing procedurally improper about bringing the tolling agreements to the Court's attention in opposition to a motion to dismiss."); *Elmore*, 2013 WL 6185236, at *3 ("While the Court's 'consideration of matters outside the pleadings is not generally permitted,' the Court may take notice of the tolling agreement for the purpose of determining that the allegations of the Complaint itself do not set forth everything necessary to satisfy Defendants' affirmative statute of limitations defense.") (citations omitted). Soo Line did not err by failing to mention the Tolling Agreement in its complaint or by attaching it to its response to the defendants' motion to dismiss.

The defendants alternatively argue that, even if the court does not exclude the Tolling Agreement, its plain language makes clear that Soo Line's complaint is untimely. (ECF No. 11 at 2.) According to the defendants, rather than operating to suspend the running of the statute of limitations during the 65-day period established in the Tolling Agreement, "the plain language makes clear that this Agreement is a 'stop the clock' extension establishing a fixed period of 65 days from the date of execution in which to

6
Case 2:24-cv-00331-WED   Filed 05/28/24   Page 6 of 8   Document 18

file suit.'" (ECF No. 11 at 2.) That is, "the parties had until the termination date of March 11, 2024, and then the clock stopped." (*Id.*)

The defendants' argument directly conflicts with the plain language of the Tolling Agreement. Contrary to the defendants' argument that the Tolling Agreement gave Soo Line an extension of time to file suit until March 11, 2024, it provided that:

> 5. Upon termination of this Tolling Agreement, or termination of any written extension thereof, the Parties shall be returned to the *status quo ante* as of the effective date of this Tolling Agreement.

(ECF No. 10-1 at 2.) As of the effective date of the Tolling Agreement—January 5, 2024—nine days remained for Soo Line to file a lawsuit.

Moreover, the Tolling Agreement expressly prohibited either party from filing suit during the period of the Agreement:

> 6. The Parties shall not institute or proceed with any litigation or legal proceedings between them with regards to the Incident or the Claim during the Tolling Period.

(*Id.*) In light of this language, how the defendants can contend that Soo Line was only allowed to file suit before the Tolling Agreement expired is a mystery. In fact, considering the language in the Tolling Agreement, it is no surprise that Soo Line did not refer to the Tolling Agreement in the complaint. Soo Line had no reason to believe that the defendants would raise such a baseless argument.

3. **Conclusion**

For the reasons stated above, the defendants' motion to dismiss is denied.

**IT IS THEREFORE ORDERED** that Pro-Se's motion for joinder (ECF No. 16) is **GRANTED**. The defendants' motion to dismiss (ECF No. 5) is **DENIED**.

Dated at Milwaukee, Wisconsin this 28th day of May, 2024.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge