# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**SOO LINE RAILROAD COMPANY,**
     **Plaintiff,**

    v.             Case No. 24-CV-331

**PRO-SE SERVICES, INC. and
ARTISAN TRUCKERS AND CASUALTY COMPANY,**
     **Defendant.**

---

## FINAL PRETRIAL ORDER

---

On September 8, 2025, the court conducted a final pretrial conference in this matter. Appearing were Attorneys Melinda A. Bialzik, who is representing the plaintiff Soo Line Railroad Company, and Attorneys Alyssa M. Armbrust and John W. Halpin, who are representing defendants Pro-Se Services, Inc. and Artisan Truckers and Casualty Company. A jury trial is scheduled to commence on **October 6, 2025, at 8:30 AM** in Courtroom 242 of the United States Courthouse, 517 E. Wisconsin Avenue, Milwaukee, Wisconsin. The court has set aside three days in which to try this case.

Based upon the court's consideration of the parties' pretrial reports and the statements of counsel, for the reasons more fully stated on the record, the court enters the following Order, which shall govern the trial in this matter:

1. A seven-person jury shall be selected. Its verdict shall be unanimous.

2. The court will voir dire the entire jury pool. Following voir dire, the court will entertain motions to strike for cause. From the first 13 remaining prospective jurors the parties will each exercise three peremptory strikes per side to arrive at a final seven-person jury.

3. The jurors will not be permitted to ask questions of witnesses.

4. The jurors will be permitted to take notes.

5. The plaintiff submitted proposed voir dire questions in its pretrial report. (ECF No. 30.) No later than **September 25, 2025**, the parties shall submit any additional proposed voir dire questions.

6. No later than 4:30 PM on October 1, 2025, the parties shall submit a single joint exhibit list, eliminating duplicate exhibits. In addition to sets for counsel, the parties shall deliver to the court one set of the exhibits for the court and one set for the witness. The exhibits for the witness will be considered the official exhibits and shall be sent to the jury.

7. The parties have provided joint proposed jury instructions. (ECF No. 30 at 3–4.)

8. The parties have provided conflicting proposed verdict forms. (ECF Nos. 30, 35.) The parties shall meet and confer in an attempt to agree on a proposed verdict form. No later than **October 1, 2025**, the parties shall submit a proposed verdict form indicating which verdicts, if any, the parties disagree on.

9. All exhibits received in evidence will be sent to the jury room during jury deliberation unless a specific objection to the exhibit or portion thereof is raised by a party following the conclusion of the trial. The jury will receive a copy of the jury instructions, and each juror will receive a copy of the special verdict for their deliberations.

10. If a party wishes to publish an exhibit to the jury, the party must use demonstrative means to make that exhibit visible to all jurors simultaneously and/or provide each juror with a paper copy of the exhibit.

11. Upon request made at least 10 days before trial, the court expects to be able to provide the parties with a screen, document camera, and projector (suitable for connection to party-supplied laptops). Parties wishing to use any court-provided technology must contact the court's deputy clerk at 414-297-3128.

12. The parties are responsible for supplying any additional electronic equipment necessary to facilitate the presentation of their case. Parties wishing to deliver or set up equipment in the courtroom in advance of trial may do so on **October 3, 2025**. Parties should contact the court's deputy clerk at 414-297-3128 to schedule a time.

13. Each party is responsible for ensuring the appearance of any witness the party intends to call to testify.

14. Only if absolutely necessary are parties to ask for a side-bar conference if the jury is present. Ordinarily, if additional argument or explanation is necessary regarding an objection, the objection should be raised and the party should request to be heard at the next break.

15. Trial days shall begin at 8:30 A.M., with a break in the morning, roughly one hour for lunch, an afternoon break, and court will adjourn at 5:00 P.M.

16. As to Soo Line's first motion in limine to exclude the FRA materials (ECF No. 29), the motion is **denied** as to the documents located at pages 23 through 31, 34 through 36, and 46 through 51 of the FRA-related exhibit (ECF No. 29-1). It is **granted** as to all other FRA materials, subject to the defendants arguing at trial that testimony elicited has rendered additional pages both admissible and relevant.

17. As to Soo Line's second and third motions in limine seeking to exclude news reports and seal certain trial exhibits, respectively (ECF Nos. 32, 33), the defendants do not oppose the requests, and the Court **grants** both motions.

18. As to the defendants' motion in limine seeking to (1) exclude the rebuttal report and any related testimony by Soo Line's expert witness, Peter Schierloh, and (2) preclude any testimony or evidence regarding the impact beam erected on the bridge as speculative (ECF No. 37), the Court **denies** the motion. Although the court's scheduling order did not require the plaintiff to file a rebuttal expert report, it did not prohibit one, and Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure

permits disclosure of expert testimony "if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)." Further, the defendants' motion to preclude plaintiff's expert witness from testifying regarding the need for installation of an impact beam is untimely. The court's Trial Scheduling Order required that "[a]ll motions under *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993), or otherwise challenging any portion of an opposing party's expert witness's testimony shall be filed no later than June 23, 2025." Defendants did not file their motion to exclude this aspect of plaintiff's expert's testimony until August 25, 2025—over two months later.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 8th day of September, 2025.

WILLIAM E. DUFFIN
U.S. Magistrate Judge